IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RYAN YOUNG, | Case No. 3:25-cv-00248-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| SHRINERS HOSPITALS FOR CHILDREN, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

On December 3, 2025, non-party movant Sky Lakes Medical Center ("Sky Lakes") filed a motion to quash a subpoena served by Plaintiff Ryan Young ("Young"). (Sky Lakes Med. Ctr.'s Mot. Quash ("Mot. Quash"), ECF No. 16.) For the reasons discussed below, the Court denies the motion to quash as moot but awards Sky Lakes its reasonable attorney's fees under Federal Rule of Civil Procedure 45(d)(1).

## DISCUSSION

Young filed this employment discrimination action against Defendant Shriners Hospitals for Children ("Shriners") alleging that Shriners discriminated against him based on his religion when it terminated him for failing to comply with its COVID-19 vaccine policy. (*See* Compl.,

PAGE 1 – OPINION AND ORDER

ECF No. 1-1.) In the subpoena he served on Sky Lakes, Young sought eleven categories of documents about Sky Lakes' COVID-19 vaccination policies. (Mot. Quash at 4.) Young sought the information about Sky Lakes' COVID-19 vaccination policies to support an anticipated expert report opining that hospitals other than Shriners allowed unvaccinated healthcare providers to continue to work with patients during the pandemic. (*See* Def. Shriners Mot. Protective Order ("Shriners' Mot.") at 3-4, ECF No. 14.) Young's counsel served the same subpoena on Sky Lakes in two similar employment discrimination cases in this district, *Jarrell v. AllCare Health, Inc.*, Case No. 1:23-cv-01719-MC (D. Or. filed Nov. 20, 2023) and *Denton v. Shriners*, Case No. 3:23-cv-00826-JR (D. Or. filed June 6, 2023). (Decl. Kelly Riggs Supp. Sky Lakes Med. Ctr.'s Suppl. Br. Supp. Mot. Quash ¶ 5, ECF No. 21.)

      Counsel for Sky Lakes contacted Young's counsel via email on November 19, 2025, to confer via telephone regarding its objections to the subpoena, but Plaintiff's counsel did not respond to the email. (*See* Decl. Kelly Riggs Supp. Sky Lakes Med. Ctr.'s Mot. Quash, Ex. 1, ECF No. 17.) Sky Lakes' counsel followed up its unanswered November 19, 2025, email with a second email on December 2, 2025, the day before its motion to quash was due, again asking Young's counsel if they would withdraw the subpoena and offering to confer via telephone. (*See id.*) Young's counsel responded via email on December 2, 2025, stating that "[w]e are not withdrawing [the subpoena]." (*Id.*)

      Counsel eventually conferred by telephone after hours on December 2, 2025, the night before Sky Lakes' motion to quash was due and only after Sky Lakes had filed a motion to quash the same subpoena in the *Jarrell* case. (*Id.* Ex. 2.) By that time, Sky Lakes had already incurred fees in its attempts to confer and prepare its motion to quash. (Mot. Quash at 10.) Counsel for Sky Lakes and Young were unable to resolve Sky Lakes' objections to the subpoena during its

PAGE 2 – OPINION AND ORDER

conferrals on December 2 and 3, 2025 (Sky Lakes Med. Ctr.'s Suppl. Br. Supp. Mot. Quash ("Suppl. Br.") at 3, ECF No. 20), and Sky Lakes filed its motion to quash on December 3, 2025. Shriners filed a motion for protective order or to quash the subpoena on the same day. (*See generally* Shriners' Mot.)

A day later, Young withdrew the subpoena. (Notice Withdrawal Subpoena, ECF No. 19.) Sky Lakes responded with a supplemental brief seeking a ruling on the merits of its motion to quash. (*See* Suppl. Br. at 4, "Plaintiff's withdrawal of this subpoena merely kicks the can down the road to revisit this dispute at a later time in this or another case.") Sky Lakes argued that despite Young's withdrawal of the subpoena, his counsel provided no indication that they would not reissue the subpoena in the future and the withdrawal did not resolve Sky Lakes' request for attorney's fees. (*See id.* at 1-4.) Young filed a surreply, arguing that his withdrawal of the subpoena rendered the motion to quash moot and that conferral efforts resulted in his withdrawal of the subpoena. (Pl.'s Surreply Sky Lakes Med. Ctr.'s Suppl. Br. Mot. Quash ("Pl.'s Surreply") at 1-4, ECF No. 26.) On January 26, 2026, Young and Shriners filed a stipulated notice of voluntary dismissal, reporting that this case has resolved. (Stip. Notice Voluntary Dismissal, ECF No. 28.)

In light of the parties' stipulation of dismissal, the Court denies Sky Lakes' motion to quash as moot. However, the Court orders Young's counsel to reimburse Sky Lakes for its reasonable attorney's fees incurred as a result of counsel's failure timely to confer on Sky Lakes' objections to the subpoena between November 19, 2025, and December 2, 2025. *See* FED. R. CIV. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an

PAGE 3 – OPINION AND ORDER

appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."). Young's counsel acknowledged that conferral resulted in the withdrawal of the subpoena (Pl.'s Surreply at 4, "Plaintiff's counsel did indeed engage in the conferral process, which culminated in the withdraw of the subpoena"), and timely conferral would have allowed Sky Lakes to avoid the undue burden and expense it incurred in preparing its motion to quash. See *Pickens v. PeaceHealth*, No. 6:23-cv-01718-MTK, 2025 WL 3688112, at *8 (D. Or. Dec. 19, 2025) ("This is far from the first time [Young's counsel] have failed to meaningfully confer or otherwise carry out their obligations under the Federal and local rules. Several other judges have admonished [Young's counsel] or imposed fines on them for such behavior." (first citing Op. & Order at 1-5, *Prakash v. Or. Health & Sci. Univ.*, No. 3:23-cv-01653-IM (D. Or. filed Apr. 30, 2024), ECF No. 20; then citing *Burns v. Asante Rouge Reg'l Med. Ctr., LLC*, 2025 WL 965788, at *1 (D. Or. Mar. 31, 2025); then citing *Riser v. St. Charles Health Sys., Inc.*, 2025 WL 746011, at *4 (D. Or. Mar. 7, 2025); and then citing Order Show Cause, *Zavyalov v. Legacy Health*, 3:25-cv-00198-AB (D. Or. filed Apr. 30, 2025), ECF No. 14))). Specifically, the Court orders Young's counsel to pay Sky Lakes the reasonable fees it incurred in attempting to confer with Young's counsel between November 19, 2025, and December 2, 2025, and the incremental time required to modify Sky Lakes' motion to quash previously filed in the *Jarrell* action (on November 26, 2025) to refile in this action (on December 3, 2025).[1]

---

[1] The Court takes judicial notice that Sky Lakes previously filed a nearly identical motion to quash in the *Jarrell* action (*see* Sky Lakes' Mot. Quash Subpoena at 1-12, *Jarrell v. AllCare Health, Inc.*, Case No. 1:23-cv-01719-MC (D. Or. filed Nov. 26, 2025), ECF No. 17), which the district judge granted with a "[w]ritten [o]pinion to follow" despite the plaintiff's withdrawal of the subpoena. (*Id.*, ECF Nos. 22, 27). However, soon thereafter the plaintiff in *Jarrell* filed a motion to recuse the district judge (*id.*, ECF No. 28), which the district judge granted "to avoid any appearance of impartiality" (*id.*, ECF No. 32). The case was reassigned to another district

PAGE 4 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court DENIES AS MOOT Sky Lakes' motion to quash (ECF No. 16), but awards Sky Lakes its reasonable attorney's fees as discussed above and orders counsel for Young and Sky Lakes to confer regarding an appropriate fee award and payment deadline by February 10, 2026.

**IT IS SO ORDERED.**

DATED this 27th day of January, 2026.

                                                          HON. STACIE F. BECKERMAN
                                                        United States Magistrate Judge

---

judge, and the plaintiff also filed a motion to recuse that judge (*id.*, ECF No. 35), which remains pending. In its still-pending motion to quash, Sky Lakes seeks an award of reasonable attorney's fees it incurred in bringing its motion to quash. (*See id.*, ECF No. 17.) Sky Lakes' motion to quash, including a request for attorney's fees, also remains pending in the *Denton* case, despite the plaintiff's withdrawal of the subpoena in that action as well. (*See* Case Mgmt. Order Sky Lakes' Mot. Quash Subpoena, *Denton v. Shriners*, Case No. 3:23-cv-00826-JR (D. Or. filed Jan. 6, 2026), ECF No. 105.)

PAGE 5 – OPINION AND ORDER